# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| SHAMECA BURT, ) | |
| ) | Case No. 1:18-cv-220 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| TENNESSEE CHILD SUPPORT ) | |
| DIVISION DEPARTMENT OF HUMAN ) | |
| SERVICES *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION

On September 20, 2018, Plaintiff filed this *pro se* action as well as an application to proceed *in forma pauperis* (Docs. 1, 2). On October 17, 2018, United States Magistrate Judge Susan K. Lee entered an order directing Plaintiff to file an amended complaint because her original complaint failed to state a claim upon which relief could be granted. (Doc. 8.) In the order, Magistrate Judge Lee directed that the "amended complaint must be complete in itself without reference to the original complaint" and warned Plaintiff "**that any failure to state a claim in a timely filed amended complaint will result in the dismissal of this action**." (*Id*. at 4 (emphasis in original).)

On November 20, 2018, after Plaintiff filed her amended complaint (Doc. 9), Magistrate Judge Lee entered a report and recommendation, recommending the Court dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim because Plaintiff did not allege sufficient facts in her complaint to make out a legally cognizable claim against Defendants. (Doc. 10.) Plaintiff timely objected to the report and recommendation. (Doc. 11.)

Additionally, on January 18, 2019, Plaintiff filed a motion "for an extension of time in reference to above case for amended complaint to January 18, 2019." (Doc. 12.) For the reasons stated hereafter, the Court now **ACCEPTS** and **ADOPTS** the report and recommendation (Doc. 10) pursuant to 28 U.S.C. § 636(b)(1), and **ORDERS** that the action be **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

In her report and recommendation, Magistrate Judge Lee detailed the procedural and factual background underlying this matter. Although Plaintiff has objected to Magistrate Judge Lee's report and recommendation, Plaintiff's objection fails to identify which allegations in her amended complaint, if any, Magistrate Judge Lee incorrectly summarized. Additionally, the Court's independent review of Plaintiff's amended complaint and Magistrate Judge Lee's report and recommendation confirms that the procedural and factual background set forth in the report and recommendation, including the summary of Plaintiff's allegations, is accurate. Accordingly, for the purposes of reviewing Plaintiff's objections to Magistrate Judge Lee's report and recommendation, the Court **ADOPTS BY REFERENCE** the factual and procedural background set forth in the report and recommendation. (Doc. 10.)

## II. STANDARD OF REVIEW

The Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the arguments asserted in Plaintiff's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived.

*See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.* The Sixth Circuit has also explained:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

### III.   ANALYSIS

Although Plaintiff filed a nineteen-page objection to Magistrate Judge Lee's report and recommendation, her actual objections to the report and recommendation are contained in the first four pages and constitute nothing more than vague, general, and conclusory objections that simply state her disagreement with the suggested resolution. For example, Plaintiff generally asserts that: (1) her amended complaint "and cause of action are for obvious, violations by Defendants, of Plaintiff [sic] right to Due Process which includes a right to be heard, that is guaranteed by the XIV Amendment to the United States Constitution"; (2) "[p]ursuant to Title 42 U.S. Code § 1983, State employees and contractors do not have immunity for violations of

constitutional rights"; (3) "Plaintiff referenced Division of Appeals child support, TCSES orders, Child Support court orders, Child Enforcement, Juvenile court orders, attorney child support calculations, that prove beyond any doubt that the Defendants repeatedly refused to allow Plaintiff to speak claims a single word of oral argument in defense of her claims on multiple occasions . . . ."; and (4) "Plaintiff detailed statements of fact are clear and well stated, evidenced by the orders from the Defendants, and show a clear cause of action for repeated and multiple violations of Plaintiff [sic] constitutionally guaranteed right of due process." (Doc. 11, at 2–3.) Such vague, general, and conclusory objections fail to alert the Court to any alleged errors on the part of the magistrate judge. Moreover, after independently reviewing Plaintiff's amended complaint and the report and recommendation, the Court agrees with Magistrate Judge Lee's well-reasoned conclusions and her stated reasons for recommending dismissal of Plaintiff's claims in her amended complaint for failure to state a claim upon which relief can be granted.

The remaining fifteen pages of Plaintiff's "objection" to Magistrate Judge Lee's report and recommendation include new allegations and assert new causes of action. (*See* Doc. 11, at 4–19.) Although not entirely clear, Plaintiff appears to assert that Defendants violated her various rights afforded under the laws of the United States and the United States Constitution by failing to operate Tennessee's child support program in compliance with Title IV-D of the Social Security Act, 42 U.S.C. § 651, *et seq*. and its corresponding federal regulations. (*See id*.) Even construing Plaintiff's objection as a motion for leave to further amend her complaint, the Court finds that dismissal remains appropriate because the new allegations in the objection fail to meet the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure and, thus, fail to state a claim upon which relief can be granted.

Rule 15 provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, denying leave is appropriate in instances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Glazer v. Chase Home Fin., LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). According to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

In this case, leave to amend based on the allegations in Plaintiff's objection is inappropriate because her proposed amendment fails to meet the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. Although Plaintiff alleges that Defendants collectively failed to comply with the requirments set forth in Title IV-D of the Social Security Act and its corresponding regulations, Plaintiff's objection fails to include any factual allegations detailing how each Defendant engaged in conduct that resulted in the alleged noncompliance and fails to include any factual allegations regarding how those alleged failures injured her. Rather, Plaintiff's objection simply lists the various statutes and regulations Defendants allegedly failed to comply with and summarily concludes that Defendants' noncompliance constitutes various violations of rights guaranteed by the laws of the United States and the United States Constitution. As such, Plaintiff's objection does not possess sufficient factual content from

which the Court can draw a reasonable inference that Defendants are liable. Accordingly, to the extent Plaintiff's objection could be construed as a motion to amend her complaint under Rule 15 of the Federal Rules of Civil Procedure, that motion is **DENIED** as futile.

## IV. CONCLUSION

For the reasons stated herein, the Court hereby **ACCEPTS** and **ADOPTS** the report and recommendation (Doc. 10) pursuant to 28 U.S.C. § 636(b)(1), and **ORDERS** that the action be **DISMISSED WITH PREJUDICE**. Plaintiff's motion for an extension of time (Doc. 12) is **DENIED**.[1]

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[1] Burt filed a motion for extension of time, in which she requests "an extension of time in reference to above case for amended complaint to January 18, 2019." (Doc. 12.) The Court cannot discern from Burt's motion the exact relief she requests. Nonetheless, to the extent Burt seeks leave to further amend her complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure, she has not complied with the Court's local rules, which require her to attach a copy of her proposed amended pleading to her motion. *See* E.D. Tenn. L.R. 15.1. Accordingly, the Court will **DENY** Burt's motion for extension of time.